# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

DAMON QUARLES,               )
                             )
Plaintiff,                   )
                             )
vs.                          )    CAUSE NO. 3:13-CV-843
                             )
MARK SEVIER, *et al.*,       )
                             )
Defendants.                  )

## OPINION AND ORDER

This matter is before the Court on a complaint filed by Damon Quarles, a *pro se* prisoner, pursuant to 42 U.S.C. § 1983. (DE #1.) For the reasons set forth below, the Court: (1) **GRANTS** Plaintiff leave to proceed against Jason Kochensparger and Danny Oaks in their individual capacities for monetary damages for failing to protect him from an attack by another inmate; (2) **GRANTS** Plaintiff leave to proceed against Sherry Townsend and Doree Yocum in their individual capacities for monetary damages for failing to provide him with adequate medical care following the attack; (3) **DISMISSES** Mark Sevier as a defendant;(4) **DISMISSES** any and all other claims contained in the complaint; and (5) **ORDERS** Jason Kochensparger, Danny Oaks, Sherry Townsend, and Doree Yocum to respond on or before **September 27, 2013**, to the claims on which Plaintiff has been granted leave to proceed in this screening order.

BACKGROUND

Damon Quarles, a *pro se* prisoner, filed this action in Miami County Superior Court on June 17, 2013, against Mark Sevier, Jason Kochensparger, Danny Oaks, Sherry Townsend, and Doree Yocum. (DE #1.) The defendants timely removed the action to this court on August 16, 2013. (DE #2.)

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. In determining whether the complaint states a claim, the court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

2

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Quarles alleges that correctional staff failed to protect him from an attack by another inmate. According to the complaint and attachments, beginning in October 2012, Quarles and his cellmate, Paul Trice, began to have serious problems getting along. Quarles claims Trice was an "angry man" who was "mad at the world." He further claims that Trice had a higher security classification than him, and he did not feel they should be housed together.

On or about October 11, 2012, the two men got into an argument over some minor issue and Trice punched Quarles in the face. That same day, Quarles told Kochensparger and Oaks, both correctional sergeants, several times that either he or Trice needed to be moved, and that they "could not be in that room together." He claims the officers were also aware of the fight that had occurred. Nevertheless, he was told that since it was a Friday, he would have to wait until Monday to get a new cell assignment, and that there was nothing they could do unless "someone got hurt." That evening, Quarles was returning to his cell after his prison work assignment, when Trice and two of his "Vice Lord" friends "jumped" Quarles, hitting him repeatedly in the head with a makeshift weapon consisting of a padlock inside a sock. As a result, Quarles

suffered considerable pain and received 10-14 stitches to close a head wound. He also claims to suffer ongoing pain, blurry vision, and lack of feeling on one side of his face due to the attack.

Quarles also sues Yocum and Townsend, both nurses at the prison, claiming that they failed to provide him with proper medical care after the attack. He claims they treated his injuries as merely a superficial wound instead of taking him to a hospital for outside treatment for his head injury. He claims that the prison doctor told him after these events that the nurses should have sent him for outside treatment given the serious nature of his injuries. He alleges that because his injury was not properly treated, he is suffering permanent effects from the attack.

Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates "from violence at the hand of other inmates." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). However, as the Seventh Circuit has observed: "[P]risons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id.* Therefore, a failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, a prison official will be held liable for failing to protect an inmate only if deliberate indifference to a prisoner's welfare "effectively condones the attack by allowing it to happen." *Santiago v. Wells*,

4

599 F.3d 749, 756 (7th Cir. 2010). To state a claim, the plaintiff must "allege facts sufficient to show that the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Id.*

Here, Quarles alleges that he told the officers about a specific threat of harm posed by Trice, and asked to be separated from him. They reportedly told him he would have to wait until the following week, and that there was nothing they could do unless someone got hurt first. Thereafter, Quarles was viciously attacked by Trice and suffered serious injuries. Giving Quarles the inferences to which he is entitled at this stage, he has alleged enough to proceed against Kochensparger and Oaks.

Quarles also sues Sevier, the superintendent of the facility, but he is not alleged to have any personal involvement in these events. "A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003). Quarles may be trying to hold Sevier liable as the official who supervises the individual staff involved, but there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Quarles also does not allege, nor can it be plausibly inferred, that Sevier maintained an unconstitutional official practice or

policy that caused his injury. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Instead, Quarles alleges that prison staff violated prison policy in housing he and Trice together, and in failing to separate them when he alerted them there was a problem. For these reasons, Sevier will be dismissed as a defendant.

That leaves his claim against the two nurses. Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A delay in providing medical treatment can constitute deliberate indifference where it causes unnecessary pain. *Grieveson,* 538 F.3d at 779.

Here, Quarles alleges that he suffered a serious head injury, which the nurses treated like a superficial wound. He alleges that a prison physician told him the nurses' treatment was improper and

that he should have been sent to the hospital. He further alleges that as a result of this improper treatment he is suffering permanent effects of his injuries. Giving him the inferences to which he is entitled at this stage, he has alleged enough to proceed further against the two nurses.

Accordingly, Quarles will be granted leave to proceed against defendants Kochensparger, Oaks, Townsend, and Yocum. These defendants have already filed appearances in this removed case, and so personal service by the U.S. Marshal is unnecessary. These defendants will be ordered to respond to the complaint by the deadline set below.

CONCLUSION

For the reasons set forth above, the Court:

(1) **GRANTS** Plaintiff leave to proceed against Jason Kochensparger and Danny Oaks in their individual capacities for monetary damages for failing to protect him from an attack by another inmate;

(2) **GRANTS** Plaintiff leave to proceed against Sherry Townsend and Doree Yocum in their individual capacities for monetary damages for failing to provide him with adequate medical care following the attack;

(3) **DISMISSES** Mark Sevier as a defendant;

(4) **DISMISSES** any and all other claims contained in the

7

complaint;

(5) **ORDERS** Jason Kochensparger, Danny Oaks, Sherry Townsend, and Doree Yocum to respond on or before September 27, 2013, to the claims on which the plaintiff has been granted leave to proceed in this screening order.


**DATED: August 27, 2013**         /s/ RUDY LOZANO, Judge
                                   **United States District Court**