```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                       SOUTH BEND DIVISION
```

DAMON QUARLES,                  )
                                )
Plaintiff,                      )
                                )
vs.                             )   CAUSE NO. 3:13-CV-843
                                )
MARK SEVIER, *et al.*,          )
                                )
Defendants.                     )

## OPINION AND ORDER

This matter is before the Court on Defendants' Dorie Yocum, LPN and Sherry Townsend, LPN's Motion to Dismiss Under FRCP Rule 12(b)(6), filed by Defendants Sherry Townsend, LPN, and Dorie Yocum, LPN, on September 9, 2013 (DE #11). For the reasons set forth below, the motion to dismiss (DE #11) is **DENIED**. Defendants Sherry Townsend and Dorie Yocum are **GRANTED** fourteen (14) days from the date of this order to answer the complaint.

BACKGROUND

Damon Quarles, a *pro se* prisoner, filed this action in Miami County Superior Court on June 17, 2013, against Mark Sevier, Jason Kochensparger, Danny Oaks, Sherry Townsend, and Dorie Yocum. (DE #1.) The defendants timely removed the action to this court. (DE #2.)

On August 27, 2013, the Court screened the complaint under 28

U.S.C. § 1915A and granted Quarles leave to proceed on several claims, including, as is relevant here, claims against Townsend and Yocum (hereafter the "Medical Defendants") for deliberate indifference to his serious medical needs. (DE #9.) On September 9, 2013, the Medical Defendants filed the present motion. (DE #11.)  Quarles filed a response (DE #17), and the Medical Defendants filed a reply thereto (DE #19).  As such, this matter is fully briefed and ready for adjudication.

DISCUSSION

In deciding a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).  To survive dismissal, a "complaint must contain allegations that state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff "must plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).  "This means that the complaint must contain allegations plausibly suggesting (not merely consistent with) an entitlement to relief."  *Lavalais v. Village of Melrose Park*,--- F.3d---, 2013 WL 5753781, at *2 (7th Cir. 2013) (internal quote marks and citation omitted). Nevertheless, "[a] document filed *pro*

*se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As was recounted in the screening order, Quarles alleges that in October 2012, he was attacked by his cellmate and two other inmates, who beat him and hit him repeatedly in the head with a padlock. As pertains to the Medical Defendants, both of whom are nurses at the prison, Quarles claims they failed to provide him adequate medical care after the attack. Specifically, he claims they treated his injury as a superficial skin wound instead of having him evaluated for neurological injury. He further alleges that because his injury was not properly treated, he is suffering ongoing pain, blurry vision, and lack of feeling on one side of his face a year after the attack.

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th

Cir. 2005). "The medical condition need not be life-threatening; it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his medical need. *Farmer*, 511 U.S. at 834. As the U.S. Court of Appeals for the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted). For a medical professional to be held liable for deliberate indifference, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Prison medical staff can exhibit deliberate indifference to a medical condition through inaction, *Gayton v. McCoy*, 593 F.3d 610, 623–24 (7th Cir. 2010), by persisting with an ineffective treatment, *Greeno*, 414 F.3d at 653–55, or by delaying necessary treatment and thus aggravating the condition or needlessly prolonging an inmate's pain. *Smith v. Knox Cnty. Jail*,

666 F.3d 1037, 1039-40 (7th Cir. 2012).

The Medical Defendants first argue that Quarles's allegations do not show that he had a serious medical need. (DE #12 at 4.) The Court disagrees. Quarles's injury was not trivial, instead he claims he was beaten by several inmates and hit in the head repeatedly with a metal padlock. His head injury was severe enough to require 10-14 stitches to close, and he claims to be suffering neurological effects of the attack more than a year later, including pain, problems with his vision, and blackouts. The Court finds that he has adequately alleged a serious medical need.[1] *Greeno*, 414 F.3d at 653; *see also Murphy v. Walker*, 51 F.3d 714, 719 (7th Cir. 1995) ("Any injury to the head unless obviously superficial should ordinarily be considered serious and merits attention until properly diagnosed as to severity."); *Lewis v. Cooper,* 771 F.2d 334, 337 (7th Cir. 1985) (inmate established serious medical need when he was hit in the head with a hard object during an attack by another inmate).

The Medical Defendants further argue that at most Quarles has alleged a disagreement over the proper course of treatment, which is not actionable under the Eighth Amendment. (DE #12 at 4-5.) While they are correct as far as the law, *see Norfleet v. Webster*,

---

[1] The unpublished Seventh Circuit case relied on by the Medical Defendants (DE #12 at 4) is not citable precedent. *See* FED. R. APP. P. 32.1; SEVENTH CIR. R. 32.1. Furthermore, the Court does not find being hit in the head repeatedly with a padlock comparable to the plaintiff's injury in that case, where all he alleged was that another inmate had fallen on him, causing pain in his hip area. *See Aultman v. Peters*, No. 92-2478, 1994 WL 55558 (7th Cir. Feb. 24, 1994).

5

439 F.3d 392, 396 (7th Cir. 2006), Quarles has alleged far more than a mere disagreement over the proper course of treatment.  His allegations, taken as true, reflect that two nurses who saw him immediately following a brutal attack treated a potentially serious head injury as a superficial skin wound.  He claims that stitched up his wound, but failed to contact the attending physician or send him to an outside facility for evaluation of any neurological damage that may have occurred.  He alleges that he did suffer neurological damage as a result of the attack, and that because of the Medical Defendants' failure to have him promptly evaluated, he continues to suffer these problems more than a year later.  He further alleges that a prison doctor told him the nurses should have contacted the doctor to evaluate Quarles after the attack, suggesting that their conduct was a departure from appropriate medical standards. *See Jackson*, 541 F.3d at 697.

Further factual development may show that the treatment provided was reasonable under the circumstances, but Quarles has alleged enough to proceed past the pleading stage against the Medical Defendants.  *See Murphy*, 51 F.3d at 719 (failure to have inmate evaluated for extent of head injury after he fell in the shower stated Eighth Amendment claim given the potential serious nature of such an injury); *see also Gayton*, 593 F.3d at 623–24 (inmate stated claim against nurse who refused to properly evaluate her even though nurse was made aware of serious symptoms inmate was

6

experiencing); *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) (inmate stated Eighth Amendment claim for lack of evaluation of eye condition resulting in permanent impairment of inmate's vision). Accordingly, the motion to dismiss will be denied.

CONCLUSION

For the reasons set forth above, the Motion to Dismiss (DE #11) is **DENIED**. Defendants Sherry Townsend and Dorie Yocum are **GRANTED** fourteen (14) days from the date of this order to answer the complaint.

DATED: November 5, 2013            /s/ RUDY LOZANO, Judge
                                   **United States District Court**