# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

DAMON QUARLES,                )
                              )
Plaintiff,                    )
                              )
vs.                           )   CAUSE NO. 3:13-CV-843
                              )
MARK SEVIER, *et al.*,        )
                              )
Defendants.                   )

## OPINION AND ORDER

This matter is before the Court on the "Defendants Dorie Yocum, LPN and Sherry Townsend, LPN's Motion for Summary Judgment based on Plaintiff's Failure to Exhaust Administrative Remedies," filed by Defendants, Dori Yocum and Sherry Townsend, on December 19, 2013 (DE #24). Damon Quarles, a *pro se* prisoner, is proceeding on a claim that staff at Miami Correctional Facility ("Miami") failed to protect him from an attack by another inmate, and then provided him inadequate medical care following the attack. (DE #9.) Two of the defendants, Sherry Townsend and Dorie Yocum, move for summary judgment on the ground that Quarles did not properly exhaust his administrative remedies as to the claims raised against them. (DE #24.) For the reasons set forth below, Defendants' motion for summary judgment (DE #24) is **GRANTED**, and the claims against Defendants, Sherry Townsend and Dorie Yocum, are **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a). The claims

**REMAIN PENDING** against Defendants, Sgt Kochensparger and Sgt Oaks.

BACKGROUND

Quarles was granted leave to proceed on a claim that two correctional officers, Jason Kochensparger and Danny Oaks, failed to separate him from another inmate, who attacked him on October 12, 2012, by striking him in the head with a "lock in a sock." He was also granted leave to proceed on a claim that Townsend and Yocum, nurses at Miami, provided him inadequate medical care immediately following the attack, by failing to send him to an outside medical facility for a neurological evaluation. (DE #9.)

At all relevant times, and pursuant to Indiana Department of Correction ("IDOC") policy, Miami had a grievance process under which an inmate could grieve a broad range of issues, including actions by prison staff. (DE #25-1, Valdez Aff. ¶ 3; DE #25-2, IDOC Manual of Policies and Procedures ("Grievance Policy") § V(A).) The process begins with the inmate attempting to resolve the matter informally with staff within five working days of the underlying incident. (DE #25-2, Grievance Policy § XIII©).) Working days are defined as Monday through Friday, excluding any state holidays. (*Id.* § III(N).) If the issue cannot be resolved informally, the inmate must file a formal grievance after: (1) he is informed there will be no informal resolution; (2) he refuses an offered informal resolution; or (3) the informal grievance has been

2

pending 10 working days and he has received no response. (DE #25-1, Valdez Aff. ¶¶ 5-7; DE #25-2, Grievance Policy § XIII(c).) An inmate has five working days to submit a formal grievance following one of these precipitating events. (DE #25-2, Grievance Policy § XIII(c).) In any event, the inmate must submit a formal grievance no later than 20 working days from the incident giving rise to his grievance. (*Id.* § XIV(A).) The grievance must describe the incident or problem at issue, and must explain how it personally affected the inmate. (*Id.*) If the grievance is not resolved to the inmate's satisfaction, he must file an appeal within 10 working days. (*Id.* § XIV(E).) Appeals must address the same issue raised in the grievance, and cannot raise new or unrelated issues. (*Id.*)

A record is kept of all inmate grievances, and those records reflect that on October 18, 2012, Quarles submitted a grievance regarding the attack by the other inmate.[1] (DE #25-1 at 4.) However, he only mentioned Kochensparger and Oaks, and complained that they failed to separate him from the other inmate. (*Id.* at 4-6.) He did not mention Yocum or Townsend, nor did he complain about any improper medical care. (*Id.*) His grievance was denied, and on November 29, 2012, he filed an appeal. (DE #23 at 7.) In the appeal, he complained for the first time about the medical care

---

[1] It appears from the record that the grievance was originally submitted on this date, but was returned to Quarles for minor corrections. (*See* DE #23 at 5.) He then resubmitted it on November 13, 2012, with the corrections, and it was processed by the grievance specialist. (*Id.* at 6, 9.)

3

he received following the attack, stating "[t]he doctor and nurses did not treat me properly causing negligence to my injuries as well." (*Id.*) He further asserted that Townsend acted improperly by failing to send him to a hospital for evaluation. (*Id.*) His appeal was denied in March 2013. (*Id.* at 16.) In June 2013, he initiated the present action. (DE #1.)

DISCUSSION

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). A party opposing a properly supported summary judgment motion may not rely on allegations or denials in its own pleading, but rather must

"marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Under the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The U.S. Court of Appeals for the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Id.* Therefore, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Id.* at 1023.

Here, it is apparent that Quarles did not exhaust his claim regarding medical care at all levels of administrative review, because he did not raise this issue in his initial grievance. A grievance is not necessarily inadequate because it fails to name a particular defendant. *See Maddox v. Love*, 655 F.3d 709, 721-22 (7th Cir. 2011). However, it must at a minimum "alert the prison to the nature of the wrong for which redress is sought[.]" *Westefer*

5

*v. Snyder*, 422 F.3d 570, 580 (7th Cir. 2005); *see also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (observing that primary purpose of exhaustion requirement "is to alert the state to the problem and invite corrective action") (internal quote marks and citation omitted). Quarles's grievance failed in this regard, because he did not adequately alert prison officials to the two types of wrongdoing he is now suing about: the failure of staff to protect him from attack by another inmate *and* the denial of medical care. *See Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (inmate did not properly exhaust claim pertaining to improper confiscation of his crutch by filing a grievance complaining that he had fallen in the shower), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013); *see also Bouman v. Robinson*, 324 Fed. Appx. 523 (7th Cir. May 11, 2009) (inmate failed to exhaust his claim pertaining to placement in segregation because his grievance only addressed his suspension from prison job).

In his responsive documents,[2] Quarles argues that he properly exhausted his administrative remedies because he wrote a letter in

---

[2] Quarles preemptively filed a response before the motion for summary judgment was filed, apparently when he realized the defendants intended to assert exhaustion as an affirmative defense. (DE #23.) He also filed a response to the motion for summary judgment, but it only addresses the merits of his claims and not the exhaustion issue. (DE #27.) The court cannot reach arguments pertaining to the merits at this stage. *See Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 536 (7th Cir. 1999) (district court "must not proceed to render a substantive decision until it has first considered § 1997e(a)").

April 2013 to the IDOC ombudsman complaining about his medical care following the attack. (DE #23 at 10-15.) However, the Seventh Circuit takes a "strict compliance approach to exhaustion," *see* *Dole*, 438 F.3d at 809, and letter-writing or other actions taken outside the grievance process are no substitute for compliance with the prison's formal grievance process. *Pozo*, 286 F.3d at 1025. Nor would a letter written in April 2013 be timely as a grievance, since IDOC policy requires the initial grievance to be filed no later than 20 days after the underlying incident. (DE #25-2, Grievance Policy § XIV(A).) Therefore, this argument is unavailing.

Quarles also appears to argue that he satisfied the exhaustion requirement by mentioning his medical care in the appeal he filed on November 29, 2012. (DE #23 at 1.) He refers to his filing as "another grievance," but in fact this was an appeal filed on the appeal form. (*Id.* at 7.) As previously stated, Quarles did not properly present a medical care claim in his initial grievance, and IDOC policy did not permit him to raise a new issue on appeal. (DE #25-2, Grievance Policy § XIV(E).) Furthermore, an initial grievance filed on November 29, 2012, would not have been timely in any event, since this was more than 20 working days after the underlying incident. (*See* 25-2, Grievance Policy § XIV(A).)

Accordingly, the claims raised against Townsend and Yocum asserting the denial of medical care must be dismissed pursuant to 42 U.S.C. § 1997e(a). It is not clear that Quarles still has the

7

ability to exhaust at this stage, but because it is possible IDOC staff might allow him to cure his omission, the dismissal will be without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice.").

CONCLUSION

For the reasons set forth above, the motion for summary judgment (DE #24) is **GRANTED**, and the claims against Defendants, Sherry Townsend and Dorie Yocum, are **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a). Further proceedings as to the two remaining defendants will be directed by the assigned Magistrate Judge.

**DATED: April 14, 2014**          **/s/ RUDY LOZANO, Judge**
                                   **United States District Court**